# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DR. RAEVON TERRELL PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00166-HEA |
| | ) | |
| DEBBIE PATTON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Dr. Raevon Terrell Parker's application to proceed in the district court without prepayment of fees and costs. For the reasons stated below, the motion is granted and Plaintiff will be assessed an initial partial filing fee of $21.80. On initial review, however, the Court will dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.

## Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his inmate account statement from the St. Louis City Justice Center from July 22, 2024 to January 22, 2025. Based on this information, the Court determines Plaintiff's average monthly deposit is $109.00. The Court will assess an initial partial filing fee of $21.80, which is twenty percent of his average monthly deposit.

## Legal Standard on Initial Review

The Court is required to review a complaint filed without full payment of the filing fee and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## The Complaint

Plaintiff brings this § 1983 civil rights action against Defendant Debbie Patton, a Mental Health Evaluator with the Missouri Department of Mental Health, arising out of a video conference held on January 24, 2025 at the St. Louis City Justice Center. Plaintiff states that during his video conference with Ms. Patton, she disrespected him when he sought to be addressed by his proper title, Dr. Raevon T. Parker. Plaintiff states that he suffered humiliation, anxiety, depression,

feeling disrespected, degraded, morally abused, embarrassed, and misunderstood. Plaintiff states that these injuries are not physical, but emotional, and he has an overall feeling of hopelessness.

For damages, Plaintiff seeks $100,000 in compensatory damages and an unspecified amount of punitive damages.

## Discussion

Plaintiff's complaint fails to state an actionable claim under the Prison Litigation Reform Act (PLRA). The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."). Plaintiff states that he suffered no physical injuries when Defendant allegedly disrespected him during his video conference. He seeks relief only for his "emotional scars, depression for one, disappointment, despair[,] and a overall feeling of hopelessness in gaining [his] freedom." ECF No. 1 at 4. Because he has suffered no physical injury, the PLRA bars recovery of damages in this action.

For this reasons, the Court will dismiss Plaintiff's complaint for failure to

state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $21.80 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

An Order of Dismissal will accompany this Opinion, Memorandum and Order

Dated this 22nd day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE